1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7     BRIAN WHITAKER,                        Case No.  21-cv-09330-SVK
8                    Plaintiff,              **ORDER ON (1) DEFENDANT'S
                                             MOTION TO DISMISS; AND
9            v.                              (2) PLAINTIFF'S MOTION FOR
                                             ADMINISTRATIVE RELIEF**
10    CHANEL, INC.,
                                             Re: Dkt. Nos. 16, 17
11                   Defendant.

12           Plaintiff Brian Whitaker brings this lawsuit under the Americans with Disabilities Act

13    ("ADA") and the California Unruh Civil Rights Act, alleging that he encountered a non-accessible

14    lounge table during a November 2021 visit to the Chanel store at 2855 Stevens Creek Boulevard,

15    Santa Clara, California (the "Store"), which is owned by Defendant Chanel, Inc.  Dkt. 1

16    (Complaint) ¶¶ 2, 3, 8. 10-16.  Now before the Court is Defendant's motion to dismiss the

17    Complaint for lack of subject matter jurisdiction.  Dkt. 16.  Also before the Court is Plaintiff's

18    administrative motion seeking an order requiring Defendant to provide dates for a joint site

19    inspection.  Dkt. 17.  The Parties have consented to the jurisdiction of a magistrate judge.  Dkt. 8,

20    15.  Pursuant to Civil Local Rule 7-1(b), the Court deems these matters suitable for determination

21    without oral argument.  For the reasons that follow, Defendant's motion to dismiss is **GRANTED**

22    **IN PART AND DENIED IN PART**, and Plaintiff's motion for administrative relief is **DENIED**.

23    **I.       LEGAL STANDARD**

24           Rule 12(b)(1) allows the Court to dismiss a complaint for lack of subject matter

25    jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

26    Rule 12(b)(1) motions can challenge subject matter jurisdiction in two different ways: (1) a facial

27    attack based solely on the allegations of the complaint, or (2) a factual attack based on extrinsic

28    evidence apart from the pleadings.  *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th

United States District Court
Northern District of California

Cir. 2004).  If a defendant initiates a factual attack by submitting a declaration with extrinsic evidence of the lack of subject matter jurisdiction, "the court need not presume the truthfulness of the plaintiff's allegations."  *Id.*  In addition, once the defendant makes a factual challenge by presenting extrinsic evidence to dispute the allegations in the complaint, "the party opposing the motion must present affidavits or any other evidence necessary to satisfy its burden that the court, in fact, possesses subject matter jurisdiction."  *Johnson v. Techbusiness Resources, LLC*, No. 20-cv-06048-BLF, 2020 WL 7013596, at *1 (N.D. Cal. Nov. 28, 2020) (internal quotation marks and citations omitted).  When the jurisdictional issue is intertwined with the merits, a court must apply the summary judgment standard in deciding the motion to dismiss.  *Id.* (citation omitted).  Specifically, where a plaintiff's substantive claims and the court's jurisdiction are both premised on the ADA, "the issues of jurisdiction and substance are intertwined" and the court applies the summary judgment standard.  *Id.*  A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  *Id.* (quoting Fed. R. Civ. P. 56(a)).

## II.     DISCUSSION

### A.     Defendant's Motion to Dismiss

#### 1.     ADA Claim

Defendant argues that the ADA claim should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) because Plaintiff lacks standing to pursue the claim and because the claim is moot.  Dkt. 16.

##### a)     ADA Standing

As the party invoking the Court's jurisdiction, Plaintiff bears the burden of pleading Article III standing.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  To plead Article III standing, Plaintiff must show that (1) he has suffered an "injury-in-fact"; (2) the injury is fairly traceable to Defendant's challenged conduct; and (3) "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan*, 504 U.S. at 560-61).  To establish injury-in-fact, the first of the elements of standing, Plaintiff must show

United States District Court
Northern District of California

that he suffered an invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). A "concrete" injury "must actually exist." *Id.* "[A]t the pleading stage, the plaintiff must clearly allege facts demonstrating" the existence of an injury-in-fact. *Id.* at 1547 (internal quotation marks and citations omitted). "In addition, to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [a plaintiff] must demonstrate a real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) (en banc) (internal quotation marks and citation omitted).

Defendant argues that Plaintiff lacks standing to bring his ADA claim because (1) Plaintiff lacks facts to support the existence of an injury-in-fact because the ADA standards do not require lounge tables such as the one at issue to have knee and toe clearance; and (2) Plaintiff fails to allege facts sufficient to show that he faces a real and immediate threat of repeated injury. Dkt. 16 at 4-12.

### (1)       ADA standards for tables

The allegations of the Complaint relate to a "lounge table" at the Store. Complaint ¶¶ 10-14. Specifically, Plaintiff alleges:

> A couple of problems that plaintiff encountered was the lack of sufficient knee or toe clearance under the lounge table for wheelchair users. Additionally, the lounge table was too low. Plaintiff wanted to lounge at the table while his girlfriend was shopping at the Store. Tables are available for customers to congregate around and lounge at but, because there are no accessible lounge tables, the plaintiff was unable to enjoy the same privileges. Eventually, the plaintiff's girlfriend finished shopping and plaintiff, who was not able to sit at the lounge table, paid for the goods

*Id.* ¶ 12. Plaintiff's counsel provided the following picture of the table at issue in response to an inquiry from defense counsel:

////

////

////

////

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Ex. A to Dkt. 16-1 (Arnett Decl.).

Defendant argues that the only ADA Standards regarding tables relate to dining surfaces and work surfaces, and the lounge table at the Store does not fall into either category. Dkt. 16 at 5-6 (citing ADA Standards §§ 226, 902; ADA Standards § 902.1 Advisory Note). As a result, Defendant argues that Plaintiff's complaints regarding the lounge table do not constitute an injury-in-fact. Dkt. 16 at 5-6. Plaintiff responds by arguing that the ADA Standards do not provide an exhaustive list of discriminatory elements and that the "underlying statute provides the form of the rule." Dkt. 20 at 1.

Another court in this District recently rejected an argument similar to the one Defendant makes here. In *Whitaker v. AllSaints Spitalfields USA Retail LTD*, No. 21-cv-03260-BLF, 2022 WL 254350, at *4 (N.D. Cal. Jan. 27, 2022) ("*AllSaints II*"), the plaintiff's ADA claim was based on lounge tables at an AllSaints clothing store, which the plaintiff alleged had insufficient knee or toe clearance. *Id.* at *2. The defendant argued that the plaintiff had not suffered an injury-in-fact because the ADA Standards do not require adequate knee or toe clearance with respect to non-fixed, freestanding tables. *Id.* The court noted that "[s]everal courts in this district have rejected [that] argument," and the court agreed with those decisions. *Id.* The court also stated that "[t]o the extent AllSaints is attempting to demonstrate the existence of regulatory standards for some

United States District Court
Northern District of California

1    types of tables, but not those at issue in this case, several courts have ruled that the ADA provides

2    protections even if there is no directly applicable regulation setting a specific standard." *Id.* at *3

3    (citation omitted).  Again, the court agreed, rejecting "the proposition that the ADA permits

4    discrimination absent a specific governing regulatory provision" and explaining that "if a specific

5    regulatory provision applies, that provision governs rather than the ADA's more general

6    requirements." *Id.*

7        Even if the table at issue must be evaluated under the ADA's more general requirements,

8    however, in order to satisfy the injury-in-fact requirement for standing, Plaintiff must include

9    enough facts in the complaint to state a plausible claim that the table does not comply with those

10   requirements.  In an earlier case brought by the same plaintiff that involved an AllSaints clothing

11   store in the Central District of California, the defendant moved to dismiss for lack of standing

12   under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).  *Whitaker v. AllSaints*

13   *Spitalfields USA Retail Ltd*, No. 2:21-cv-01884-SB-RAO, 2021 WL 4353249, at *1 (C.D. Cal.

14   July 23, 2021) ("*AllSaints I*").  The court found that the plaintiff had adequately stated a claim that

15   the paths of travel at the store were too narrow under ADA requirements.  *Id.* at *2.  Because this

16   claim survived the Rule 12(b)(6) motion to dismiss, the court concluded the plaintiff had alleged a

17   cognizable injury and thus had standing.  *Id.* at *2.  However, the court held that plaintiff had

18   failed to state a claim based on the allegation that the store does not provide accessible tables.

19   Although primarily focused on the plaintiff's failure to allege that the tables at issue were fixed or

20   built in, the court also noted that plaintiff did not detail "whether other customers could use those

21   tables for purposes other than 'congregat[ing] around and loung[ing] at." *Id.* at *2 (citing

22   complaint in that case).

23       The Court notes that both *AllSaints* cases included allegations regarding a lack of

24   accessible paths of travel which supported those courts' conclusions that the plaintiff had standing,

25   whereas there are no "paths of travel" allegations in this case.  *AllSaints I*, 2021 WL 4353249, at

26   *1; *AllSaints II*, 2022 WL 254350, at *2.  Focusing in this case solely on whether Plaintiff has

27   adequately alleged an injury-in-fact resulting from the lounge table at the Store, the Court

28   concludes he has not.  Plaintiff's argument that the ADA Standards regarding knee clearance and

height requirements for "architectural or mechanical component[s] of a facility," dining surfaces, and work surfaces apply to the lounge table at issue is unavailing because the complaint does not allege facts showing that the table falls into any of those categories.

The Court also rejects Plaintiff's alternative argument that even if there is no ADA Standard applicable to the lounge table, the table violates the ADA's "general rule" protecting individuals from discrimination that deprives them of the "full and equal enjoyment" of any place of public accommodation.  Dkt. 20 at 1 (citing 42 U.S.C. § 12182(a)).  Plaintiff alleges that the lounge table "lack[ed] sufficient knee or toe clearance," that the table "was too low," and that he "was not able to sit at the lounge table."  Complaint ¶ 12.  In language identical to that found to be insufficient in *AllSaints I*, Plaintiff states that "[t]ables are available for customers to congregate around and lounge at" (*id.*), but he has not explained whether non-disabled customers could place their knees and toes under the table, sit at them, or otherwise use them in any way that a wheelchair-bound user could not.  Accordingly, Plaintiff has failed to plead facts showing that he was deprived of the "full and equal enjoyment" of the lounge table at the Store.  *See Chapman*, 631 F.3d at 947.  As such, he has also failed to plead that he has suffered an injury-in-fact sufficient to confer standing.

### (2)    Threat of repeated injury

Under the ADA, a plaintiff may seek only injunctive relief and attorney's fees.  *See* 42 U.S.C. § 12188(a)(1); *Johnson v. Case Ventures, LLC,* No. 5:19-cv-02876-EJD, 2020 WL 4747908, at *2 (N.D. Cal. Aug. 17, 2020).  Defendant argues that Plaintiff does not have standing because he has not pleaded facts demonstrating that he faces a "real and immediate threat of repeated injury in the future," as required to seek injunctive relief on his ADA claim.  Dkt. 16 at 6-12.  "Although encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate a sufficient likelihood that he will again be wronged in a similar way.'  *Chapman*, 631 F.3d at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).  A real and immediate threat of repeated injury may be shown either by (1) showing that the plaintiff is "deterred from visiting a noncompliant public accommodation because he has encountered

United States District Court
Northern District of California

barriers related to his disability there"; or (2) demonstrating the plaintiff's intent to return to the public accommodation in the future. *Chapman*, 631 F.3d at 946. Defendant argues that Plaintiff has failed to make either showing. Dkt. 16 at 7.

### (a)   Intent to Return

Defendant argues that Plaintiff fails to plead facts regarding his likelihood of returning to the Store to establish standing to establish injunctive relief, citing cases that have examined factors such as "(1) the proximity of defendant's business to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." Dkt. 16 at 9-11; *see also Johnson v. Mantena, LLC*, No. 5:19-cv-06467-EJD, 2020 WL 1531355, at *4 (N.D. Cal. Mar. 31, 2020); *Johnson v. DTBA, LLC*, No. 5:19-cv-00082-EJD, 2019 WL 6311408, at *3–*5 (N.D. Cal. Nov. 25, 2019). According to Defendant, all four factors weigh against finding Plaintiff is sufficiently likely to return to the Store to confer standing. Dkt. 16 at 9-11.

### (i)   Proximity

This factor considers the proximity of the subject business to the plaintiff's residence/place of business. Defendant asserts, and Plaintiff does not dispute, that Plaintiff resides in Los Angeles and the Store is located in Santa Clara, which is more than 343 miles from Plaintiff's home. Dkt. 16 at 9-10; Fed. R. Evid. 201 (stating that court may take judicial notice on its own of things "generally known within the trial court's territorial jurisdiction"). Given the distance between Plaintiff's home and the Store, this factor weighs in Defendant's favor. *See Mantena,* 2020 WL 6311408, at *4 (finding that distance of 130 miles weighed against finding of likelihood to return); *DTBA*, 2019 WL 6311408, at *3 (same).

### (ii)   Past Patronage

Plaintiff does not allege any visits to the Store other than the visit in November 2021 that is the subject of the Complaint. *See* Complaint ¶ 8. This factor thus weighs in Defendant's favor.

### (iii)   Definitiveness of Plans to Return

Plaintiff does not allege any specific plans to return to the Store. He alleges only a general plan to return to the Store "to avail himself of its goods or services and to determine compliance

with the disability access laws." Complaint ¶ 10.  "This 'some-day intention' to return is insufficient—the Complaint lacks any description of concrete plans.'"  *Mantena,* 2020 WL 6311408, at *4 (citation omitted); *see also Lujan*, 504 U.S. at 564 (holding that past visits to project areas did not prove imminent injury); *Lyons*, 461 U.S. at 102 ("[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." (citation omitted)).

Plaintiff's geographic distance and lack of concrete plans to return to the Store or even the general vicinity prevent the Court from inferring that he intends to return to the Store. *Cf. Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008) (holding it was "reasonable to infer, based on the past frequency of her visits and the proximity of defendants' restaurants to her home, that Camarillo intends to return to these restaurants in the future").  This factor thus favors Defendant.

(iv)    **Frequency of  Nearby Travel**

Plaintiff does not allege that he has specific ties to the Bay Area or the Store. This factor thus favors Defendant.

Accordingly, Plaintiff has not demonstrated that he will imminently suffer the same injury from the alleged ADA violations at the Store because he has not demonstrated that he intends to return to the Store.

**(b)     Deterrence**

The Complaint alleges that Plaintiff will return to the Store but is "currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site."  Complaint ¶ 20.  Defendants argue that "[t]he Complaint alleges no facts to explain why Plaintiff would have a reason or desire to return to the Store again if the alleged barrier is removed."  Dkt. 16 at 7.  Plaintiff argues that under Ninth Circuit precedent, all that a plaintiff must plead is "deterrence." Dkt. 20 at 2-5.

As support for his argument that he has sufficiently alleged that he is deterred from visiting the Store, Plaintiff relies on *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093 (9th Cir. 2017) ("*CREEC*") and other cases for the proposition that it is enough to plead only an

8

intent to return after remediation.  Dkt. 20. at 2-3.  It is true that an ADA plaintiff need not intend to return to the allegedly ADA-noncompliant place until after remediation.  *See CREEC*, 867 F.3d at 1100–01.  There must, however, be *some* plausible intent to return.  *See Chapman*, 631 F.3d at 949 ("[W]e have Article III jurisdiction to entertain requests for injunctive relief both to halt the deterrent effect of noncompliant accommodation and to prevent imminent 'discrimination,' ... against a disabled individual *who plans to visit a noncompliant accommodation in the future*") (emphasis added)); *see also DTBA*, 2019 WL 6311408, at *3; *Mantena*, 2020 WL 1531355, at *4.

For instance, in *Parr v. L&L Drive-Inn Restaurant*, the court held that the disabled plaintiff established a likelihood of future injury because the plaintiff pled (1) he patronized other restaurants in the defendant's restaurant chain, which served similar food to the restaurant he would have frequented but-for ADA violations, and (2) the restaurant he wanted to patronize was close to his residence and was on a familiar bus line.  96 F. Supp. 2d 1065, 1079–80 (D. Haw. 2000); *see also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008) (holding that the plaintiff adequately alleged deterrence because the plaintiff alleged that the 7-Eleven store, the alleged ADA-noncompliant place, was in an area he frequented at least once a year, was near his favorite fast-food restaurant, and he had been there "on ten to twenty prior occasions").  Likewise, in *Pickern v. Holiday Quality Foods Inc.*, the Ninth Circuit found standing based on deterrence where a disabled plaintiff sued a store located 70 miles from his residence.  293 F.3d 1133, 1135 (9th Cir. 2002).  There, the plaintiff alleged that he had visited the store (the alleged ADA noncompliant place) on several occasions in the past and would prefer to patronize the store if it were accessible.  *Id.* at 1138–39.  The plaintiff also alleged he was likely to return since the grocery store was part of his favorite grocery chain and the store was located in the town where the plaintiff visited his grandmother every week.  *Id.* at 1135.

Here, by contrast, Plaintiff has not pleaded similar facts to support his allegations of deterrence.  Plaintiff's formulaic recitation of an intent to return is insufficient as a matter of law.  *Lujan*, 504 U.S. at 564; *see also Ashcroft v. Iqbal*, 556 U.S. at 662, 678 (2009) ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement' (citation omitted)).  Plaintiff alleges only that he is deterred from visiting the

1    Store.  *See* Complaint ¶20.  As discussed above, he fails to plausibly allege an intent to return to

2    the Store.  "His allegations of deterrence are thus strictly theoretical; he has not demonstrated a

3    sufficient likelihood that he will be wronged in a similar way."  *Mantena*, 2020 WL 1531355, at *

4    5 (citation omitted).

5            Accordingly, Plaintiff has failed to allege imminent future injury and therefore lacks

6    standing under the ADA.

7                          **b)    Mootness**

8            "Once a defendant has remedied all ADA violations complained of by a plaintiff, the

9    plaintiff's claims become moot and he or she loses standing."  *Case Ventures*, 2020 WL 4747908,

10   at 2.  In that situation, the court no longer has subject matter jurisdiction over the claim.  *Id.*  "Of

11   course, '[a] defendant claiming that its voluntary compliance moots a case bears a formidable

12   burden.'"  *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Servs.*, 528 U.S. 167,

13   170 (2000)).

14           Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's ADA

15   claim because the lounge table at issue has been permanently removed from the Store, making

16   Plaintiff's claim moot.  Dkt. 16 at 12-13.  In support of this factual challenge to subject matter

17   jurisdiction, Defendant submits the declaration of Mauro Lazzarin, Defendant's Group Director of

18   Retail Operations, whose duties relate to the day-to-day operations and management of Chanel

19   retail stores, including the Store at issue in this case.  Dkt. 16-2 ¶¶ 1-2.  According to Mr.

20   Lazzarin's declaration, there was only one coffee table in the Store at the time of Plaintiff's visit.

21   *Id.* ¶ 3.  Mr. Lazzarin states that "the coffee table has been permanently removed from the Store"

22   and "will not be replaced in the future."  *Id.* ¶ 6.

23           In opposition to the motion to dismiss, Plaintiff does not dispute Mr. Lazzarin's declaration

24   on this point or present any evidence to contradict his statement that the table has been removed.

25   *See* Dkt. 20.  Instead, Plaintiff argues that removal of the coffee table does not moot Plaintiff's

26   ADA claim because "this is a policy decision that can be changed at any time at Defendant's

27   discretion and, therefore, Defendant has not established that replacing the table 'could not be

28   reasonably expected' to occur."  *Id.* at 7.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Whether a defendant's voluntary cessation of allegedly wrongful conduct moots a case

2    depends on the circumstances.  *See Johnson v. Holden*, No. 5:18-cv-01624-EJD, 2020 WL

3    1288404, at *4 (N.D. Cal. Mar. 18, 2020).  In ADA cases, "where structural modifications are

4    made, then it is absolutely clear the allegedly wrongful behavior could not be reasonably expected

5    to occur in the future since structural modification[s] undo the offending conduct."  *Johnson v.*

6    *Opa Campbell LP,* No. 21-cv-01619-PJH, 2021 WL 3493712, at *3 (N.D. Cal. Aug. 9, 2021)

7    (citation omitted).

8    Defendant has failed to carry its "formidable burden" of showing that the alleged ADA

9    violation is not reasonably likely to recur.  Nothing about Defendant's removal of the table from

10   the Store is permanent.  Although Mr. Lazzarin states in his declaration that the table will not be

11   replaced in the future, this does not suffice to show that removal of the table will not be reversed.

12   Accordingly, Plaintiff's ADA claim is not mooted by Defendant's removal of the allegedly

13   noncompliant table.  However, Plaintiff lacks standing for the other reasons discussed above.

14   Accordingly, Defendant's motion to dismiss the ADA claim is **GRANTED with leave to amend.**

15            **2.    Unruh Act Claim**

16   Having dismissed Plaintiff's sole federal law claim, the only remaining claim is Plaintiff's

17   claim under California's Unruh Act.  As a state law claim, that claim is before the Court only

18   pursuant to the Court's supplemental jurisdiction."  *See Arroyo v. Rosas,* 19 F.4th 1202, 1209-10

19   (9th Cir. 2021); *see also* 28 U.S.C. § 1367(a).  Courts in this District have declined to exercise

20   supplemental jurisdiction over Unruh Act claims, regardless of the status of their parallel ADA

21   claim, because "the strong comity concerns identified by the Ninth Circuit in *Arroyo* outweigh any

22   countervailing considerations of economy and efficiency that might be adversely affected by

23   requiring [the plaintiff] to refile his Unruh Act in state court" and because allowing an Unruh Act

24   to proceed in district court "would countenance a wholesale evasion  of … critical limitations on

25   damages relief" that the California legislature has imposed for claims under the Unruh Act.

26   *Garcia v. Maciel*, No. 21-cv-03743-JCS, 2022 WL 395316, at *5 (N.D. Cal. Feb. 9, 2022) (citing

27   *Arroyo*, 19 F.4th at 1213).

28   The Court similarly declines to exercise supplemental jurisdiction over the Unruh Act

1    claim in this case because it would not further the interest of "economy, convenience, fairness and

2    comity." *Garcia,* 2022 WL 395316, at \*5; *see also* 28 U.S.C. § 1367(c)(3) (stating that district

3    court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all

4    claims over which it has original jurisdiction"); *Mantena*, 2020 WL 1531355, at \*6 (dismissing

5    Unruh Act where plaintiff given leave to amend ADA claim).  Accordingly, the motion to dismiss

6    the Unruh Act claim is **GRANTED.**

7              **B.       Plaintiff's Motion for Administrative Relief**

8              Following completion of briefing on the present motion to dismiss, Plaintiff filed a motion

9    for administrative relief, seeking an order requiring Defendant to provide dates for a joint site

10   inspection.  Dkt. 26.  Because the Court grants Defendant's motion to dismiss the FAC, Plaintiff's

11   motion for administrative relief is **DENIED without prejudice.**

12   **III.    CONCLUSION**

13            For the above reasons, the Court **DENIES** Defendant's motion to dismiss for mootness

14   but **GRANTS** Defendant's motion to dismiss for lack of standing under Rule 12(b)(1) because

15   Plaintiff has failed to plead facts showing that he has suffered an injury-in-fact and faces a threat

16   of repeated injury .  The Court declines to exercise supplemental jurisdiction over Plaintiff's

17   related Unruh Act claim, which is **DISMISSED** without prejudice.

18            When dismissing a complaint, a court should grant leave to amend "unless it determines

19   that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith,* 203

20   F.3d 1122, 1127 (9th Cir. 2000).  The Court finds amendment would not be futile. Accordingly,

21   Plaintiff's ADA claim is dismissed with leave to amend.  He may file an amended complaint by

22   **May 5, 2022.**  Plaintiff may not add new claims or parties without leave of the Court or stipulation

23   by the parties pursuant to Federal Rule of Civil Procedure 15.

24   ////

25   ////

26   ////

27   ////

28   ////

12

Plaintiff's motion for administrative relief is **DENIED** without prejudice to refiling if needed after a further responsive pleading is filed.

     **SO ORDERED.**

Dated: April 14, 2022

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California